HARDY, Judge.
This is an action for damages, ex delicto, by plaintiffs, husband and wife, the parents of a minor daughter who sustained serious personal injuries. The action of plaintiff wife was dismissed on exception, from which action there has been no appeal. After trial there was judgment in favor of plaintiff father, individually, for special damages and further judgment, as Administrator of the Estate of his minor daughter, Pauline Dianne Semmes, in the principal sum of $11,500.00, representing damages in the nature of personal injuries sustained by the said minor. From this judgment plaintiff has appealed, seeking an increase in the amount awarded on behalf of the minor. Defendants, the tort feasor and his automobile liability insurer, have answered the appeal praying for a decrease in the amount of the judgment for personal injuries.
*55 The liability on the part of defendants was stipulated and the only issue presented •on trial and appeal relates to the quantum ■of the award in favor of the minor.
Both the medical and lay testimony which make up the record overwhelmingly support the serious and painful nature of the injuries sustained by the minor, Pauline Dianne .Semmes, who was approximately ten and ■one-half years of age at the time of the ac■cident which occurred on February 15, 1964. The child was admitted to the hospital immediately following the accident and the ■examination disclosed a comminuted fracture of the pelvis, fracture of the shaft of the left femur, a fracture of the cervical neck of the right humerus, and a ruptured bladder. In the words of the orthopedic specialist who attended the child immedi.ately after the accident — “The pelvic bones on either side had been crushed in such a manner as to produce an impingement and ■deformity and rupture of the urinary blad•der.” An immediate operation for the repair of the bladder was performed by a ■specialist in urology and tubes were in•serted through the open surgical incision as well as through the natural channel to the bladder. The emergency treatment of the fractures necessitated the fixing of pins through the right arm and left thigh in order to produce temporary traction, after which the patient was placed in a body cast. The child remained in the hospital for a period of thirty-nine days, remained in the body cast for an additional period of approximately six weeks, used crutches for an additional period of six weeks, and at the time of the trial, some fourteen months following the accident, according to the testimony, continued to exhibit nervous and emotional strain. The little girl suffered severe pain; her overwrought nervous condition was evidenced by almost constant crying during the time of hospitalization and the residual effects, as testified by her ■mother, an aunt and her teacher, were ner-vous tension, anxiety, timidity and lack of •confidence.. One of the medical witnesses testified, without contradiction, that in his opinion it would be from two to three years before the child recovered from the residual effects of the injuries she had received. It should also be mentioned that the injuries caused a minor shortening of one leg about one-fourth of an inch, and the loss of a year’s schooling by reason of being required to repeat the work of the fifth grade.
Another effect of the injuries received is argued by counsel for plaintiff based upon the contention that the damage to the pelvic bones would seriously affect, and perhaps entirely prevent, the normal delivery of children. The medical testimony indicates this result is a possibility but is a matter of such remoteness in period of time as to preclude any definite evaluation. However, there was testimony that the child would experience difficulty, resulting from the formation of scar tissue and from adhesions in the area of the womb resulting from the operative procedure on the bladder, such as to cause future trouble and the possibility of further surgical intervention.
Numerous authorities involving quantum are cited by learned counsel for both of the parties litigant, many of which appear to involve injuries and effects of a nature and degree similar to those under consideration. These cases run the gamut of awards from allowances of a few thousand dollars to $45,000.00. The range of awards may be briefly recapitulated by reference to only a few of the many cases, for example, Maggio v. State Farm Mutual Automobile Ins. Co. (1st Cir., 1960), La.App., 123 So.2d 901, in which $10,000.00 was allowed for pain and suffering; Crowther v. Fenstermaker (1st Cir., 1957), La.App., 96 So.2d 91, awarding a judgment in an amount of $45,000.00; and Bergeron v. Department of Highways (1st Cir., 1951), La.App., 50 So.2d 337, which allowed judgment in the amount of $20,000.00.
A detailed comparison of the case before us with the cases cited supra and almost innumerable others, would disclose *56 differences not only with respect to the exact nature of the injuries hut with reference to periods of hospitalization, disability, residual effects, etc. Still further distinctions could be made upon the basis of the constantly decreasing value of the dollar, which is a legitimate element of consideration, the age and sex of the individuals involved, etc., etc. As has been many times noted in the opinions of our courts bearing upon the evaluation of damages, each case must be considered upon the basis of the facts reflected by the record and except in the interest of reasonable consistency, which is a somewhat ambiguous and exceedingly nonspecific term, the awards made in other cases are inconclusive. It is completely impossible to establish or conform to any fixed standard or guide which would have the effect of controlling the amount of judgments in cases involving personal injuries.
After thorough examination of the record it is our opinion that the judgment awarded in the instant case is inadequate, and, therefore, should be substantially increased to an amount which we think would be more nearly commensurate with the nature, degree and effect of the injuries sustained.
No question has been raised with respect to the judgment awarded plaintiff father individually in the nature of special damages.
For the reasons assigned the judgment appealed from is amended by increasing the amount awarded in favor of plaintiff, Bernard L. Semmes, as Administrator of the Estate of his minor daughter, Pauline Dianne Semmes, and against the defendants, Jesse Neal Pickron and the Employers Fire-Insurance Company, in solido, to the principal sum of Sixteen Thousand Five Hundred and No/100 ($16,500.00) Dollars, with legal interest thereon from date of judicial demand until paid, and, as so amended, the judgment appealed from is affirmed at the rest of defendants-appellees.